RONALD D. COX, J. Pro Tem.
The main issue involved in this appeal is whether or not Louisiana sales tax assessment is proper in this case arising from transactions occurring between the Rent-It Company, Inc. of Alexandria and Rent-It Company, Inc. of Pineville.
*751 FACTS
The facts involved in this case are basically undisputed. Rent-It Company, Inc. of Alexandria (hereinafter referred to as Rent-It-Alexandria) is a Louisiana corporation whose principal place of business is in the City of Alexandria, Louisiana. Rent-It-Alexandria is owned by Mr. Charles Cooper (52%), Mr. Kirk Cooper (24%), and Ms. Debbie Cooper (24%). Mr. Kirk Cooper and Ms. Debbie Cooper are the son and daughter of Mr. Charles Cooper. Rent-It-Alexandria is engaged in the retail consumer rental business.
Rent-It Company, Inc. of Pineville (hereinafter referred to as Rent-It-Pineville) is a Louisiana corporation whose principal place of business is in Pineville, Louisiana. Rent-It-Pineville is owned by Kirk Cooper (51%) and Ms. Debbie Cooper (49%). Like the Alexandria company, the Pineville company is also engaged in retail consumer rental business.
Rent-It-Alexandria and Rent-It-Pineville entered into an operating agreement whereby Rent-It-Alexandria supplied to Rent-It-Pineville the inventory items available for rental to customers, and Rent-It-Pineville supplied the location, employees, and operational costs necessary at the Pine-ville location. The rental income derived from the. Pineville location was distributed 30% to Rent-It-Alexandria and 70% to Rent-It-Pineville. Additionally, Rent-It-Alexandria paid for all insurance, maintenance, repairs, and expenses in relation to the inventory. Rent-It-Alexandria maintained complete control over all of the inventory items, including the right to sell, remove, or use any of the inventory. Also, Rent-It-Pineville would not have to pay to Rent-It-Alexandria any sum if an inventory item were not rented to a retail customer.
All sales taxes due to the State of Louisiana were paid by Rent-It-Pineville on all gross rentals received from rental customers. The conflict in this case arose as to the 30% paid to Rent-It-Alexandria by Rent-It-Pineville. Rent-It-Alexandria was assessed by the Louisiana Department of Revenue with a general Louisiana sales tax deficiency for the years 1981, 1982, and 1983 in the amount of $7,790.84, together with interest in the amount of $1,780.15. Rent-It-Alexandria paid the entire claim under protest and filed a petition with the Board of Tax Appeals for a redetermination of the assessment. The Board of Tax Appeals gave judgment for Rent-It-Alexandria. This judgment was appealed to the Ninth Judicial District Court, the Honorable Lloyd Teekell presiding. The court rendered judgment for Rent-It-Alexandria. Shirley McNamara, Secretary of the Department of Revenue and Taxation, appeals that ruling.
IS THIS A TAXABLE TRANSACTION?
The imposition of sales tax is governed by LSA-R.S. 47:302, which states:
“A. There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, as defined herein, the levy of said tax to be as follows:
“(1) At the rate of two per centum (2%) of the sales price of each item or article of tangible personal property when sold at retail in this state; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the state, and to include each and every retail sale.
“(2) At the rate of two per centum (2%) of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in this state; provided there shall be no duplication of the tax.
“B. There is hereby levied a tax upon the lease or rental within this state of each item or article of tangible personal property, as defined herein; the levy of said tax to be as follows:
“(1) At the rate of two per centum (2%) of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an *752 established business, or part of an established business, or the same is incidental or germane to the said business.
“(2) At the rate of two per centum (2%) of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.”
The Department of Revenue interprets the agreement between Rent-It-Alexandria and Rent-It-Pineville as a “lease for release” or a “rental for re-rental.” The key issue in this case is, then, whether or not the transactions or relationship between Rent-It-Alexandria and Rent-It-Pineville is, in fact, a lease and, therefore, subject to sales tax. LSA-R.S. 47:301(7) defines a lease as follows:
“(7) ‘Lease or rental' means the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee, for a consideration, without transfer of the title of such property.”
To determine whether or not the agreement involved in this case is to be considered a lease or not, we must look at the Louisiana Civil Code articles on lease.
LSA-C.C. art. 2669:
“Lease or hire is a synallagmatic contract, to which consent alone is sufficient, and by which one party gives to the other the enjoyment of a thing, or his labor, at a fixed price.”
LSA-C.C. art. 2674, Lease of things:
“To let out a thing is a contract by which one of the parties binds himself to grant to the other the enjoyment of a thing during a certain time, for a certain stipulated price which the other binds himself to pay him.”
Even though it is very hard to define or to classify the relationship between Rent-It-Alexandria and Rent-It-Pineville; whether it is a partnership, joint venture (which Appellees allege herein) or an agency relationship, it is very clear that this relationship and these transactions are not a lease according to our Civil Code articles. The key article here is Louisiana Civil Code article 2674. According to that article, the lease of a thing grants to the lessee the enjoyment of an item “during a certain time.” In this particular case, Rent-It-Alexandria did not grant to Rent-It-Pineville the use or enjoyment of any item for a certain period of time, since Rent-It-Alexandria maintained complete control and could remove any of the items in the Pineville store.
The type of agreement between these two entities more closely resembles a joint venture. Joint venture was defined in the case of Whittington v. Sowela Technical Institute, 438 So.2d 236, at p. 246 (La.App. 3rd Cir.1983), writs denied, 443 So.2d 591, 592 (La.1983), as follows:
“A joint venture is an undertaking by two or more persons to combine their property, capítol, labor or skill in any combination of these elements in the conduct of a particular line of trade or general business for joint profits, thus creating the status of a partnership, although the facts do not show a formal partnership.”
(Also, Huffman Technical Drilling, Inc. v. Smith, 424 So.2d 435, at p. 438 (La.App. 5th Cir.1982).
Since R.S. 47:302 allows the imposition of sales tax for items which are sold or leased only, and does not apply to the sharing of profits by a partnership, joint venture, or other similar relationship, we find that no sales tax is due to the State of Louisiana.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.